In the Matter of EDNA SENDER and Another, Respondents, v. ARTHUR SENDER, Appellant.— Order of the Domestic Relations Court of the City of New York, Family Court, Borough of Queens, requiring the defendant, beginning March 16, 1935, to contribute ten dollars a week toward the support of his two infant grandchildren, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Scudder, Tompkins and Johnston, JJ.

In the Matter of the Application of M. HARVEY SMEDLEY and Others, Respondents, for a Peremptory Mandamus Order against FRANK TAYLOR, Comptroller of the City of New York, Appellant.— Peremptory order of mandamus requiring the defendant, the comptroller of the city of New York, to issue warrants in the sum of $300 each, payable to the petitioners as their respective fees for services as commissioners in a proceeding instituted under the Mental Hygiene Law (§ 85; former § 83-a) to determine the dangerous insanity of one Pearl Talmadge, a poor and indigent person, who had been previously committed to the Brooklyn State Hospital, Creedmoor Division, Queens county, under the same law, and resulting in her commitment to the Matteawan State Hospital, reversed on the law and not in the exercise of discretion, with costs, and motion denied. We are of opinion that the costs of the commitment of Pearl Talmadge to the Matteawan State Hospital pursuant to the provisions of the Mental Hygiene Law (§ 85) are not controlled by the provisions of section 77 (former § 75) of the Mental Hygiene Law which have to do only with the original commitment. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.