In the Matter of ANTOINETTE ALESI, an Incompetent Person.

Supreme Court, Special Term, Queens County, June 26, 1946.

*Charles P. Sullivan, District Attorney (James F. T. Delaney* of counsel), petitioner in person.

*Nathaniel L. Goldstein, Attorney-General (Louis E. Cooper* of counsel), for Department of Mental Hygiene.

*John J. Bennett, Jr., Corporation Counsel (Thomas U. A. Crowe* of counsel), for City of New York.

*Henderson Morrison, Jr.,* for Antoinette Alesi, respondent.

COLDEN, J. Motion by the District Attorney of Queens County for an order (1) confirming the report of a commission heretofore appointed by this court, directing the transfer of a patient from the Creedmoor State Hospital to the Matteawan State Hospital, and (2) fixing the fees and expenses of said commission.

There was no opposition to the confirmation of the report and that part of the motion was granted on the argument. In the interests of the safety of the inmates and employees of the Creedmoor State Hospital an order was signed forthwith directing the patient's transfer to the Matteawan State Hospital, and the sheriff has already executed that order.

The Corporation Counsel of the City of New York opposed that part of the motion which requested *the court* to fix the fees and expenses of the commission, contending that the Comptroller of the City of New York was exclusively vested with that power. No decision in support of that contention has been cited, nor has the court upon its independent search found any authority.

*Matter of Smedley* v. *Taylor* (245 App. Div. 763, affd. 269 N. Y. 585) is clearly distinguishable. It was there held that there was no authority for the payment of costs and expenses in proceedings of this nature. That case, however, arose in 1934 and prior to the enactment of subdivision 6 of section 85 of the Mental Hygiene Law, which became effective April 29, 1935 (L. 1935, ch. 561). Said section expressly authorized the payment of costs '' including fees of the commission, fees of the medical witnesses, and any other necessary expenses allowed by the judge or justice ''.

To uphold the contention of the Corporation Counsel that an administrative official rather than the court has the power to fix the fees and expenses of a commission appointed by it would place the court in an anomalous position. Section 85 of the Mental Hygiene Law, as amended, has placed upon this court the duty of appointing a commission to determine the danger of retaining a patient in a local State hospital or of transferring him or her to the Matteawan State Hospital. The responsibility for designating competent commissioners rests with this court, as does also the responsibility of subsequently acting upon their report of the facts. That responsibility could not be successfully exercised if the court were not empowered to fix the value of the services of its own designees. It is the court that is familiar with the nature and extent of the services rendered by them and it is the court which should fix the value of such services.

Accordingly, the court hereby fixes the fee of each commissioner in the sum of $150, the fee of the attorney appointed by this court to represent the interests of the respondent in a like sum of $150, and the disbursements of the chairman of the commission are fixed in the sum of $9.65.

Settle order on notice.